## UNITED STATES DISTRICT COURT
## DISTRICT OF KANSAS

| | | |
|---|---|---|
| RODNEY GWINN, | ) | |
| | ) | |
| Plaintiff, | ) | **COMPLAINT** |
| | ) | |
| vs. | ) | |
| | ) | No. 07-CV-2600 JTM/DWB |
| UNION PACIFIC RAILROAD | ) | |
| COMPANY, a Delaware Corporation, | ) | Judge _____ |
| | ) | |
| Defendants. | ) | |

**COMES NOW** Plaintiff, Rodney Gwinn, for his claims and causes of action against

Defendant Union Pacific Railroad Company (Union Pacific), a Delaware Corporation, files this

Complaint and states and alleges as follows:

### COUNT I - VIOLATION OF THE FELA

1.      That at all times material herein Plaintiff, Rodney Gwinn was and is a resident of

the City of Pratt, County of Pratt, State of Kansas.

2.      That at all times material hereto the Defendant Union Pacific was and is a

Delaware corporation organized and existing as a common carrier for hire by rail in and

throughout several states of the United States and for the purpose of operating said railroad did

and does own, possess, operate and maintain railroad cars, tracks and other equipment in the

District were this case is filed.

3.      That Plaintiff Rodney Gwinn was employed by Defendant Union Pacific as their

servant and employee, and as such was working and engaged in interstate transportation and

commerce and was working in furtherance of Defendant Union Pacific's interstate commerce and

1

in work which directly, closely and substantially affected the general interstate commerce carried on by said Defendant Union Pacific as a railroad common carrier freight for hire.

    4.      That the jurisdiction of this Court is based upon Title 45 U.S.C. §51 et seq., commonly known as the Federal Employers' Liability Act and is timely commenced.

    5.      On or about March 31, 2007 Plaintiff was a conductor headed eastbound in a train on mainline track at or near Liberal, Kansas.  The train Plaintiff was traveling in was operated at a high rate of speed and was on a collision course with another train.  Fearing for his life, Plaintiff was caused to pull the emergency brake.  Thereafter, he exited the moving locomotive and fell to the ground causing severe and permanent injuries as set forth below.

    6.      At the time described in paragraph 5, Plaintiff was engaged in the course and scope of his employment for Defendant Union Pacific.

    7.      The aforementioned incident was caused or contributed to, in whole or in part, by the negligence of Defendant Union Pacific, its agents, employees and/or officers, in violation of the Federal Employers' Liability Act 45 U.S.C. §51 et  seq.  Such negligence includes, but is not limited to, the following:

        a.      failing and neglecting to provide Plaintiff with a reasonably safe place in which to work as required by law;

        b.      failing to properly operate its trains;

        c.      failing to properly train its employees;

        d.      failing to provide Plaintiff with reasonably safe procedures, policies and instruction which could have prevented this accident;

2

     e.     failing to devise an adequate safety program which could have prevented this accident;

     f.     failing to provide engines and railroad equipment sufficiently tested and properly designed to meet reasonable crash worthiness standards;

     g.     failing to provide emergency procedure training in crash conditions to avoid or limit damage and injury; and

     h.     other acts of negligence.

8.     That due in whole or in part to Defendant Union Pacific's negligence under the Federal Employers' Liability Act as set forth above, Plaintiff sustained severe and permanent injuries to his head, face, brain, eyesight, left hand, and the related muscles, nerves, bones, tissues, ligaments and internal parts thereof all in violation of the Federal Employers' Liability Act 45 U.S.C. §51 et seq.

9.     That due in whole or in part to Defendant Union Pacific's aforesaid negligence under the Federal Employers' Liability Act, Plaintiff has experienced and will continue to experience into the future great bodily, emotional, and mental pain and anguish.

10.     That in an effort to treat, heal and relieve his said injuries, Plaintiff was obliged to incur, and will continue to incur into the future, substantial expenses for medical, emotional and psychological, hospital and related care and treatment in an amount Plaintiff is unable to accurately estimate at this time.

11.     That due in whole or in part to Defendant Union Pacific's negligence under the Federal Employers' Liability Act as set forth above, Plaintiff sustained a loss of wages and will in the future continue to sustain a loss of wages and permanent diminution of his earning capacity,

3

including loss of fringe benefits, the exact amount of which Plaintiff is unable to accurately estimate or determine at this time.

12.     That due in whole or in part to Defendant Union Pacific's negligence under the Federal Employers' Liability Act as set forth above, Plaintiff has experienced and will continue to experience into the future a loss of enjoyment of life.

WHEREFORE, Plaintiff Rodney Gwinn prays for judgment against the above named Defendant, Union Pacific, a Delaware corporation, for recovery of reasonable damages in an amount sufficient to fully compensate Plaintiff for the damages and losses suffered, together with all costs, disbursements and whatever other relief the Court deems appropriate.

**JURY TRIAL DEMANDED**

Dated: 12-28-07

**HILL, BEAM-WARD, KRUSE, & WILSON, LLC**

Thomas R. Hill, #09905
Bank of America, Ste 200
8695 College Blvd
Overland Park, KS 66210-1871
(913) 339-6888
(913) 339-9653 Facsimile
thill@hbwkwlaw.com

-AND-

**YAEGER, JUNGBAUER, BARCZAK &, PLC.**

Ronald J. Barczak
745 Kasota Ave.
Minneapolis, MN 55414
612-333-6371
rbarczak@yjblaw.com

4